UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jerone McDougald, | : |
| Plaintiff, | : Case No. 1:17-cv-00464 |
| vs. | : Judge Michael R. Barrett |
| Ron Erdos, *et al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the Court on the Magistrate Judge's May 25, 2018 Report and Recommendation ("R&R"). (Doc. 25). The Court gave the parties proper notice pursuant to Federal Rule of Civil Procedure 72(b) ("Rules"), including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff timely filed Objections to the R&R. (Doc. 30). He also filed a "Motion for Leave to Add Missing Language of Sw[e]aring to his Complaint and Amended Complaint Under Penalty of Perjury," (Doc. 27), and a Motion to Amend Objections to the R&R, (Doc. 33).

## I. BACKGROUND

Plaintiff is proceeding *pro se* and is an inmate the Southern Ohio Correctional Facility ("SOCF"). He brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights stemming from a mandatory blood draw on July 3, 2017 which he argues violated an Ohio Department of Rehabilitation and Correction policy and his constitutional

rights. (Doc. 18). As the Magistrate Judge highlighted, Plaintiff's current claims are nearly identical to those he brought in Case No. 1:17-cv-00072 regarding a January 2017 mandatory blood draw and in which the Court granted the institutional defendants' motion to dismiss all claims against them for failure to state a claim. (Doc. 25). Here, the Magistrate Judge summarized the procedural history of this case, (*id.*), and the Court will not restate that history here, as it is not necessary to address Plaintiff's Objections.

## II. MOTION FOR LEAVE

Plaintiff filed a "Motion for Leave to Add Missing Language of Sw[e]aring to his Complaint and Amended Complaint Under Penalty of Perjury." (Doc. 27). The Court will construe his motion as a Motion for Leave to Amend his Amended Complaint.[1] (*Id.*). Plaintiff includes a sworn declaration under penalty of perjury, explains that he omitted that declaration from his Amended Complaint, asserts that, "in order for his constitutional claims to be considered, [he] must add the missing language sw[e]aring under the penalty of perjury," and asks "the Court [to] grant his motion to add [the] missing language in his [ ] Amended Complaint." (*Id.* citing 28 U.S.C. § 1746 and Fed. R. Civ. P. 15(a)(2)).

Rule 15 instructs that "the Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). For good cause shown, Plaintiff's motion is **GRANTED**, (Doc. 27), and the Court has considered his declaration in connection with his Amended Complaint. Plaintiff need not take additional action regarding this motion.

---

[1] The Court reminds Plaintiff that "[t]he filing of an amended complaint renders an original complaint a nullity, because an amended complaint supersedes all prior complaints." *McDougald v. Sammons*, No. 1:17-cv-91, 2018 WL 1149865, at *1 (S.D. Ohio Mar. 5, 2018) (citing *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) and *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). Thus, there is no need to amend his Initial Complaint.

## III. MOTION TO AMEND OBJECTIONS TO R&R

Plaintiff also filed a Motion to Amend his Objections to the pending R&R and states that he mistakenly omitted details in his prior Objections regarding his Fourteenth Amendment claim. (Doc. 33). The Court is not convinced that Plaintiff has shown good cause as to why he should be allowed to amend his Objections an additional 63 days after his Objections were due.[2] However, out of an abundance of caution, Plaintiff's motion is **GRANTED** and the Court has considered his amendments in connection with his initial Objections. (Docs. 30, 33). The Court will not allow Plaintiff any additional motions to amend his Objections to the pending R&R and he need not take additional action regarding this motion.

## IV. R&R

When the Court receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). Here, the Magistrate Judge recommended that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be granted, (Doc. 20) and that Defendant's prior Motion to Dismiss Plaintiff's Initial Complaint be denied as moot, (Doc. 10). (Doc. 25).

---

[2] Plaintiff's Objections to the R&R were initially due by June 8, 2018. (Doc. 25). However, the Court granted Plaintiff's Motion to Extend the Time to File Objections and held that his Objections were due by July 9, 2018. (Doc. 29). He filed his Motion to Amend his Objections on September 10, 2018. (Doc. 33).

The Magistrate Judge found that (1) "Plaintiff's allegations are insufficient to state a claim of excessive force under the Eighth Amendment" with respect to the July 3, 2017 blood draw and the escorts to and from that blood draw; (2) Plaintiff necessarily fails to state an Eighth Amendment claim under a theory of a failure to protect, as he fails to state an Eighth Amendment claim of use of excessive force; (3) "even the most liberal construction of Plaintiff's allegations cannot support an Eighth Amendment claim based upon inadequate medical care" and deliberate indifference to his medical needs; (4) Defendant "Lt. Humphrey's alleged use of a racial slur is abhorrent, but is not sufficient to make out an actionable constitutional claim," insofar as Plaintiffs attempts to bring a First Amendment retaliation claim against Defendant Humphrey; (5) "Plaintiff has arguably stated a Fourth Amendment claim" that "Defendants violated his 'rights to bodily privacy without a penological justification,'" but "no separate Fourteenth Amendment claim exists" and (6) "all Defendants are entitled to qualified immunity on all claims, including but not limited to the Fourth Amendment claim"; (7) the Eleventh Amendment bars any and all claims brought against Defendants in their official capacities; and (8) Plaintiff fails to meet the requirements for the requested temporary injunctive relief. (*Id.*).

In his objections, Plaintiff summarily states, for each claim, that "it was error in the context of the entire record" for the Magistrate Judge to recommend dismissal of that claim. (Doc. 30). He then, for each claim, largely repeats the facts and arguments set forth in his Amendment Complaint and his Response to Defendants' Motion to Dismiss, (Docs. 18, 22), and the case law and portions of analysis found in Defendants' Motion to Dismiss and the Magistrate Judge's R&R, (Docs. 20, 25). (Doc. 30). A review of his of his objections also reveals that his arguments are comprised almost entirely of general

disagreements with the Magistrate Judge's recommendation without any additional or new support for those disagreements. (*Id.*).

The only particular arguments that the Court can discern are Plaintiff's groundless accusations that the Magistrate Judge is somehow predisposed to decide his case in favor of the institutional Defendants. Specifically, with respect to the Magistrate Judge's finding that he failed to state an Eighth Amendment use of force claim, he states that "the Magistrates standard of review was very narrow and biasely favoring Defendant as she stated the unlawful blood draw involves virtually no risk, trauma or pain" "but made no mention of the injuries Plaintiff endured." (*Id.*). Similarly, regarding the Magistrate Judge's finding concerning Plaintiff's asserted Fourth Amendment claim, he accuses the Magistrate Judge of acting in a biased manner and states that SOFC "is a corrupt prison and has been for a long time and the officials that work the prison are dependent on bias decisions from magistrate judges who fail to pay close attention to the facts and the only way to do this is by allowing plaintiff to sufficient develop the record through the discovery stage." (*Id.*).

Likewise, in his concluding paragraph, he asserts that "the Magistrate is clearly concerned with [criticizing] plaintiff claims instead of allowing plaintiff the opportunity to present his facts to this honorable Court" and "the word of the Magistrate shows that she is clearly biased and attempts to cover up the malicious acts of the Defendants." (*Id.*). He concludes that "the actions and words that the Magistrate Judge speaks through her report and recommendation shows [him] that she seeks to hide the malicious actions of the defendants and trump along [his] rights to not be subject to unlawfulness actions of Defendants." (*Id.*). Plaintiff presents no evidence, aside from sweeping accusations, that

5

the Magistrate Judge acted inappropriately when making her recommendation. The Court can find no such evidence. In fact, Plaintiff's unfounded accusations do nothing to assist the Court in reviewing the R&R or support his Objections and reflect poorly on himself rather than the Magistrate Judge.

In short, the Court finds that Plaintiff fails to make any specific arguments that reveal error in the R&R; rather, he either restates facts or arguments that he has already made or casts baseless allegations against the Magistrate Judge. The Court has reviewed the Magistrate Judge's R&R and Plaintiff's Objections thereto on this dispositive matter *de novo* and accepts the recommended disposition. Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

## V. CONCLUSION

In light of the above, it is **ORDERED** that Plaintiff's Motion for Leave to Amend his Amended Complaint is **GRANTED**, (Doc. 27), and Plaintiff shall not file any additional documents with the Court regarding his Amended Complaint. It is further **ORDERED** that Plaintiff's Motion to Amend Objections to the R&R is **GRANTED**, (Doc. 33), and Plaintiff shall not file any additional documents with the Court regarding his Amended Objections. It is further **ORDERED** that the Magistrate Judge's R&R is **ADOPTED**. (Doc. 25). Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**, (Doc. 20), and Defendants' Motion to Dismiss Plaintiff's Initial Complaint is **DENIED AS MOOT**, (Doc. 10).

**IT IS SO ORDERED.**                /s Michael R. Barrett
                                     Michael R. Barrett, Judge
                                     United States District Court