# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Jerone McDougald, | : | |
| Plaintiff, | : | Case No. 1:17-cv-00464 |
| vs. | : | Judge Michael R. Barrett |
| Ron Erdos, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Magistrate Judge's February 26, 2019 Report and Recommendation, to which no objections have been filed. (Doc. 47).

In this prisoner civil rights action under 42 U.S.C. § 1983, the Court previously entered a final Order and Judgment granting defendants' motion to dismiss on September 25, 2018. (Docs. 34, 35). Thereafter, plaintiff/appellant filed a notice of appeal (on October 9, 2018) and motion for leave to proceed *in forma pauperis* (on November 13, 2018). (Docs. 36, 38). The Magistrate Judge then issued a Report and Recommendation on November 21, 2018 that plaintiff/appellant's motion for leave to appeal *in forma pauperis* be denied on the ground that plaintiff/appellant is prohibited from obtaining pauper status on appeal pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). (Doc. 40). In making her recommendation, the Magistrate Judge reported that plaintiff/appellant had failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notice of appeal, which would enable him to proceed on appeal *in forma pauperis*

1

despite his three prior strikes. (*Id.* at PageID 215). Plaintiff/appellant subsequently filed a motion for a twenty-day extension of time to submit his prisoner trust fund account statement and a "motion for Leave to Amend Appeal to add facts pertaining to imminent danger," in which he seeks to satisfy the exception to the three-strikes provision in § 1915(g) for prisoners who are under imminent danger of serious physical injury. (Doc. 41).[1] Defendants/Appellees filed a joint response in opposition to both plaintiff/appellant's motions. (Doc. 43, 44).

On February 26, 2019, the Magistrate Judge issued the Report and Recommendation under consideration in which she recommended that both plaintiff/appellant's motion for an extension of time and his motion for leave to amend be denied. (Doc. 47). In conjunction with this recommendation, she additionally indicated that her November 21, 2018 recommendation remains unchanged, namely that the Court deny plaintiff/appellant's motion for leave to proceed *in forma pauperis* on appeal and that plaintiff/appellant be assessed the appellate filing fee and be given thirty days within which to pay it. (*Id.* at PageID 283).

Proper notice was provided to the parties under Fed. R. Civ. P. 72(b), including notice that they would waive further appeal if they failed to file objections to the February 26, 2019 Report and Recommendation in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). When a court receives objections to a magistrate judge's recommended disposition on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been

---

[1] Plaintiff/Appellant also filed objections to the November 21, 2018 Report and Recommendation, in which he states he has been "OC sprayed and denied medical [treatment]" and has been subject to "numerous death threats." (Doc. 42 at PageID 221).

properly objected to." Fed. R. Civ. P. 72(b)(3). Thereafter the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). Although no objections have been filed to the February 26, 2019 Report and Recommendation, out of an abundance of caution the Court has nonetheless conducted a de novo review. Upon consideration, the Court **ACCEPTS** and **ADOPTS** the February 26, 2019 Report and Recommendation (Doc. 47), as well as its November 21, 2018 predecessor (Doc. 40), and accordingly **DENIES** Plaintiff/Appellant's Motion for Leave to Proceed on Appeal *in forma pauperis* (Doc. 38). Plaintiff/Appellant shall be assessed the appellate filing fee and be given thirty (30) days within which to pay it. Plaintiff/Appellant's combined "motion for 20 day extension of time to submit 6 months certified copy of trust fund account out of time" and "motion for leave to Amend Appeal to add facts pertaining to imminent danger" (Doc. 41) is also **DENIED**.

    **IT IS SO ORDERED.**

s/Michael R. Barrett
_____
Judge Michael R. Barrett