**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Jerone McDougald, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:17-cv-00464 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Ron Erdos, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion for Relief from Judgment. (Doc. 45). Defendants filed a Response in opposition. (Doc. 46).

Initially, the Court will not reiterate, or expend any additional judicial time or resources recapping, the background and procedural posture of this case, as that background and posture is more than sufficiently summarized in the Magistrate Judge's Reports and Recommendations (Docs. 25, 40, 47) and the Court's prior Orders (Docs. 34, 48) in this matter. Turning to the filings currently before the Court, Plaintiff brings his Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rules"). (Doc. 45). Rule 60(b)(1) provides that a Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) is "intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

Plaintiff appears to seek relief under Rule 60(b)(1), as he argues that the Court "made a mistake in its judgment" when it found that his allegations were insufficient to state claims under the First, Eighth, and Fourteenth Amendments and that Defendants were entitled to qualified immunity on certain claims. (*Id.*). *See* (Docs. 25, 34). Plaintiff argues that he "clearly" stated claims under the First, Eighth, and Fourteenth Amendments and Defendants were not entitled to qualified immunity on those claims. (Doc. 45). However, Plaintiffs arguments are nothing more than mere disagreements with the Court's prior holdings and the Court is not convinced, on any level, that he has met his burden under Rule 60(b)(1) or under any other part of Rule 60(b). The Court agrees with Defendants that Plaintiff "recites prior claims and simply restates his original complaint" and Plaintiff "has not met his burden for a 60(b) motion." (Doc. 46). Finally, the Court notes that Plaintiff appealed this Court's prior Order dismissing this matter (Doc. 36) and the U.S. Court of Appeals for the Sixth Circuit dismissed that appeal for want of prosecution (Doc. 50).

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Relief from Judgment (Doc. 45) is **DENIED**. Accordingly, this matter shall remain **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**  \_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court